# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
# WILKES-BARRE DIVISION

| | |
|---|---|
| In Re:<br>    DOMINIQUE DUBUISSON<br>        Debtor(s)<br>    WEBSTER BANK N.A.<br>        Movant<br>    v.<br>    DOMINIQUE DUBUISSON<br>        Debtor(s)<br>    DJAMENFULD DUBUISSON<br>        Co-Debtor<br>    CHARLES J DEHART, III (TRUSTEE)<br>        Trustee<br>        Respondent(s) | Chapter 13<br><br>Case Number: 18-04026-HVW |

**Motion of Webster Bank N.A. For Relief from the Automatic Stay under 11 U.S.C. §362(d) (and 11 USC §1301) With Respect to Property: 3005 ALLEGHENY DRIVE A/K/A 3005 CLUBHOUSE DRIVE, F/K/A LOT 58 VISTA DRIVE, EFFORT, PA 18330, BLAKESLEE, PA 18610**

Webster Bank N.A., through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion for Relief and in support thereof respectfully represents as follows:

1. Movant is Webster Bank N.A. (hereafter referred to as "Movant").

2. Debtor(s), Dominique Dubuisson (hereinafter, "Debtor(s)"), is/are, upon information and belief, adult individual(s) whose last-known address is 3005 Allegheny Drive a/k/a 3005 Clubhouse Drive, F/K/A Lot 58 Vista Drive, Effort, PA 18330, Blakeslee, PA 18610.

3. On July 21, 2005, Djamenfuld Dubuisson and Dominique Dubuisson and Dominique Dubuisson, executed and delivered a Note in the principal sum of $238,180.00 to Webster Bank, National Association. A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

4. As security for the repayment of the Note, Djamenfuld Dubuisson and Dominique Dubuisson and Dominique Dubuisson, executed and delivered a Mortgage to Webster Bank National Association. The Mortgage was duly recorded in the Office of the Recorder of Deeds in and for Monroe County on September 26, 2005 in Book 2241. A copy of the Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

5. The Mortgage encumbers Debtor's real property located at 3005 Allegheny Drive a/k/a 3005 Clubhouse Drive, F/K/A Lot 58 Vista Drive, Effort, PA 18330, Blakeslee, PA 18610.

6. Debtor(s) filed the instant Chapter 13 Bankruptcy on September 25, 2018 and, as a result, any state court proceedings were stayed.

7. It is believed and therefore averred that Debtor(s) filed the instant bankruptcy as an additional

delay in order to prevent Movant from proceeding with the state court proceedings or otherwise institute proceedings as allowed under the Mortgage.

8. Debtor's mortgage loan is in default and is currently due for the July 1, 2020 payment and each subsequent payment through the date of the motion. Debtor(s) has/have failed to make the following post-petition payments to Movant:

**POST-PETITION PAYMENTS IN DEFAULT**

| | |
|---|---|
| Monthly Payments in Default | 03/01/2020 to 04/01/2021 |
| Monthly payments ($1,363.94 x 14) | $19,095.16 |
| Suspense Balance: | ($638.65) |
| Total Amounts Due as of April 9, 2021: | $19,095.16 |

9. In addition, Movant has incurred counsel fees and costs in association with Debtor's default and this motion.

10. As a result of the Debtor's default and failure to make payments or to otherwise adequately provide for Movant in the bankruptcy filing, Movant is not adequately protected and is entitled to relief.

11. Further, the Debtor's Schedule D indicates a valuation of the property in the amount of $160,000.00, with Movant's first lien against the property in the amount of $329,180.77. Accordingly, there is no equity in the Property and the property is not necessary for an effective reorganization. A copy of the Debtor's Schedule D is attached as Exhibit "C" and incorporated herein by reference.

12. To the extent the Court does not find that relief is appropriate, then Movant requests that the stay be conditioned such that in the event the Debtor(s) fall(s) behind on post-petition payments or trustee payments that Movant may receive relief upon default by the Debtor(s) of the terms of the conditional order.

13. Movant requests that the stay of Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant, Webster Bank N.A., respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 (and 11 USC §1301) from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3).

Respectfully Submitted:

Stern & Eisenberg, PC

By: /s/ Daniel P. Jones
Daniel P. Jones, Esq.,
Bar Number: 321876

Date: April 9, 2021

Email: djones@sterneisenberg.com